IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROL NELSON and STEVE NELSON,
personally and on behalf of LINDSEY NELSON,
a minor child,

      Plaintiffs,

vs.                                           Civ. No. 13-569 KG/WPL

BERNALILLO COUNTY; ALBUQUERQUE
BERNALILLO COUNTY WATER UTILITY AUTHORITY;
TLC PLUMBING, INC.; ADVANTAGE BARRICADE AND
ROADMARKS, LLC; and ANTONIO VARGAS, in his
individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Motion to Amend Their Complaint for Personal Injury and Loss of Consortium Due to Civil Rights Violations, Negligent Training and Supervision and Reckless Conduct (Motion to Amend), filed on September 9, 2013. (Doc. 29). Defendants Bernalillo County and Antonio Vargas (County Defendants) responded on September 24, 2013, and Plaintiffs replied on September 26, 2013. (Docs. 33 and 34).

Then, on October 7, 2013, the Magistrate Judge entered an Order Granting in Part Motion to Amend Complaint allowing Plaintiffs to substitute the Albuquerque Bernalillo County Water Utility Authority, TLC Plumbing, and Advantage Barricade and Roadworks, LLC for Defendant City of Albuquerque. (Doc. 39). The Magistrate Judge also ordered that "the outstanding proposed amendments [i.e., additional factual allegations] shall be ruled on at a later date." *Id.* On October 21, 2013, Plaintiffs, in compliance with the Magistrate Judge's Order Granting in Part Motion to Amend Complaint, filed their First Amended Complaint for Personal Injury and

Loss of Consortium Due to Civil Rights Violations Under 42 U.S.C. Section 1983; Negligent Training and Supervision and Reckless Conduct (First Amended Complaint). (Doc. 41). Having reviewed the Motion to Amend, the accompanying briefs, and the proposed, now, second amended complaint, the Court grants the Motion to Amend so that Plaintiffs may file a second amended complaint reflecting the outstanding proposed amendments.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Moreover, Rule 15(a)(2) makes explicit that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of Rule 15(a)(2) is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). In *Foman v. Davis,* 371 U.S. 178, 182 (1962), the United States Supreme Court analyzed Rule 15(a)(2), stating:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Id.* at 182 (quoting Fed. R. Civ. P. 15(a)(2)).

The County Defendants argue that Plaintiffs' revised factual allegations are an attempt to avoid the dismissal of Plaintiffs' federal claims.[1] The County Defendants, therefore, contend that Plaintiffs' attempt to add factual allegations demonstrates Plaintiffs' bad faith and that adding the factual allegations will prejudice the County Defendants. Merely clarifying and revising factual allegations based on an independent investigation of the facts, as Plaintiffs have

---

[1] The County Defendants have a pending motion for summary judgment and for qualified immunity, filed on August 23, 2013. (Doc. 17).

done in this case, does not amount to bad faith.  Moreover, the County Defendants do not explain how they will be prejudiced if the Court permits Plaintiffs to amend the First Amended Complaint.  In fact, the Magistrate Judge has stayed discovery pending a ruling on Plaintiffs' Fed. R. Civ. P. 56(d) request for discovery and the case is still in the early stages of litigation. (Doc. 30).  Considering these circumstances, the Court will freely give Plaintiffs leave to amend the First Amended Complaint to include their additional factual allegations.

    IT IS ORDERED that

    1.  Plaintiffs' Motion to Amend Their Complaint for Personal Injury and Loss of Consortium Due to Civil Rights Violations, Negligent Training and Supervision and Reckless Conduct (Doc. 29) is granted; and

    2.  Plaintiffs may file a second amended complaint no later than fourteen days from the filing of this Memorandum Opinion and Order to include Plaintiffs' proposed factual allegations.

_____
UNITED STATES DISTRICT JUDGE