IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROL NELSON and STEVE NELSON,
personally and on behalf of LINDSEY NELSON,
a minor child,

      Plaintiffs,

vs.                                                   Civ. No. 13-569 KG/WPL

BERNALILLO COUNTY, ALBUQUERQUE
BERNALILLO COUNTY WATER UTILITY AUTHORITY,
TLC PLUMBING, INC., ADVANTAGE BARRICADE AND
ROADMARKS, LLC and ANTONIO VARGAS, in his
individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the County Defendants' Motion to Dismiss Counts I through III of Plaintiffs' Second Amended Complaint and for Qualified Immunity and Memorandum in Support Thereof (Motion to Dismiss), filed August 21, 2015. (Doc. 68). Defendants Bernalillo County and Antonio Vargas (collectively, the County Defendants) move to dismiss the 42 U.S.C. § 1983 claims alleged in Counts I, II, and III of the Second Amended Complaint (Doc. 59). Plaintiffs filed a response on August 26, 2015, and the County Defendants filed a reply on September 11, 2015. (Docs. 68 and 75).

On February 12, 2016, the Court held a hearing on the Motion to Dismiss. Anthony Ayala and Shannon Ayala represented Plaintiffs. Plaintiffs Carol and Steve Nelson were also present at the hearing. Jonlyn Martinez represented the County Defendants; Christopher Saucedo represented Defendant Albuquerque Bernalillo County Water Utility Authority; J. Andrew DeGraauw represented TLC Plumbing; and K. Stephen Royce represented Advantage

Barricade and Roadmarks, LLC.  At the conclusion of the hearing, the Court (1) granted the Motion to Dismiss, (2) dismissed Counts I, II, and III with prejudice, (3) declined to exercise supplemental jurisdiction over the remaining state claims (Counts IV, V, and VI), and (4) determined to remand this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico.  This Memorandum Opinion and Order more fully explains the Court's decisions.

A. *Defendant Vargas:  Count I*

The County Defendants move in their Motion to Dismiss to dismiss the constitutional claim against Defendant Vargas for failure to state a Section 1983 claim under Fed. R. Civ. P. 12(b)(6).  The County Defendants contend Plaintiffs have not alleged facts in the Second Amended Complaint which show that Defendant Vargas acted under color of state law when he allegedly injured Plaintiff Carol Nelson in an automobile collision.  At the hearing, the County Defendants brought for the first time the argument that without color of state law this Court lacks subject matter jurisdiction.  The County Defendants also argue in their Motion to Dismiss that Defendant Vargas is entitled to qualified immunity because his conduct did not rise to the level of a constitutional violation.

*1. Color of State Law*

A complaint under Section 1983 must allege facts demonstrating two elements:  that a federal right was violated and that the deprivation was caused by a person acting "under color of state law."  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  "[A] plaintiff's failure to properly allege a 'state action' in a § 1983 complaint strips the district court of subject matter jurisdiction only if jurisdiction is alleged under 28 U.S.C. § 1343(3)."  *Mehdipour v. Matthews*, 386 Fed. Appx. 775, 778 n.3 (10th Cir. 2010).  On

the other hand, if "jurisdiction is alleged under 28 U.S.C. § 1331, the failure to properly allege a 'state action' warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6), rather than pursuant to Fed. R. Civ. P. 12(b)(1)" for lack of subject matter jurisdiction.  *Id.*

In this case, the County Defendants removed the case on the basis of Section 1331, federal question jurisdiction.  (Doc. 1) at ¶ 4.  That being so, it is appropriate to consider the color of state law argument under Rule 12(b)(6).  In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff.  *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).  Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief.  *Id*. at 570.

For the reasons stated on the record, the Court determines that Plaintiffs have not alleged sufficient facts to show that Defendant Vargas acted under color of state law.  Consequently, Plaintiffs have failed to allege a plausible Section 1983 claim against Defendant Vargas and that claim is, therefore, subject to dismissal under Rule 12(b)(6).  The Court dismisses the Section 1983 claim against Defendant Vargas with prejudice because granting leave to amend the complaint with respect to the color of state law issue would be futile.  *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") (citation omitted).

*2. Qualified Immunity*

To avoid a Rule 12(b)(6) dismissal based on the defense of qualified immunity, plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). For the reasons stated on the record, Plaintiffs have not alleged sufficient facts to show that Defendant Vargas' actions amounted to no more than mere negligence. *Browder v. City of Albuquerque*, 787 F.3d 1076, 1080 (10th Cir. 2015) ("Negligence toward a fundamental right, we are told, will never suffice to suggest the sort of caprice that rises to the level of constitutional concern."). Plaintiffs, therefore, have not alleged sufficient facts to demonstrate that Defendant Vargas plausibly violated Plaintiff Carol Nelson's clearly established constitutional rights. Accordingly, Defendant Vargas is also entitled to qualified immunity on the Section 1983 claim.

*B. Defendant Bernalillo County: Counts II and III*

Under *Monell v. Dept. of Social Services, City of New York*, a municipality can only be liable for unconstitutional policies or customs. 436 U.S. 658 (1978). Without an underlying constitutional violation, there is no municipal liability. *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006); *Trigalet v. City of Tulsa, Okla.*, 239 F.3d 1150, 1155-56 (10th Cir. 2001); *Myers v. Oklahoma County Bd. of County Com'rs*, 151 F.3d 1313, 1320 (10th Cir. 1998). Having determined that Plaintiffs have not plausibly alleged that Defendant Vargas violated Plaintiff Carol Nelson's constitutional rights, Plaintiffs have not plausibly stated any Section 1983 claim against Defendant Bernalillo County. The Court further determines that granting leave to amend the complaint with respect to the alleged constitutional violation by Defendant

Vargas would be futile.  Hence, the Court dismisses the Section 1983 claims against Bernalillo County with prejudice.

*C.  The Remaining State Claims:  Counts IV, V, and VI*

Under 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction."  The Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of [supplemental] jurisdiction. . . ."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010).  "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Here, the interests of judicial economy, convenience, fairness, and comity would not be served by retaining supplemental jurisdiction over the state claims.  *Id.* Taking into consideration those factors, and following Tenth Circuit precedent, the Court declines to exercise supplemental jurisdiction over the state claims.  Hence, the Court will remand the remainder of this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

IT IS ORDERED that

1. the County Defendants' Motion to Dismiss Counts I through III of Plaintiffs' Second Amended Complaint and for Qualified Immunity and Memorandum in Support Thereof (Doc. 64) is granted;

2. Counts I, II, and III of the Second Amended Complaint are dismissed with prejudice;

3. the Court declines to exercise supplemental jurisdiction over Counts IV, V, and VI of the Second Amended Complaint; and

4. the remainder of this case will be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE